UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN CARLSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 4:12CV1111 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Norman Carlson (registration no. 35464-044) for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.00. See 28 U.S.C. § 1915(b)(1).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $60.01, and an average monthly balance of $9.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, brings this action as a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for return of seized property. Such motions are properly treated as civil equitable actions. See e.g., Thompson v. Covington, 47 F.3d 974, 974 (8th Cir. 1995).

On February 5, 2009, plaintiff was convicted of two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Plaintiff was sentenced to a term of 151 months on each of counts one and two, to be served concurrently, to be followed by a life-time of supervised release.

In his motion for return of property, plaintiff asserts that several items were confiscated by the government during the pendency of his criminal proceedings.

He seeks return of those items now that the criminal case is culminated. A review of plaintiff's allegations indicates that his claims regarding the return of seized property are sufficient to proceed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $12.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

Dated this 30th day of July, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE